DELANTE PITTMAN, BY AND THROUGH HIS NEXT FRIEND AND
LEGAL GUARDIAN, VANESSA FINNEY, APPELLANT, V.
STATE OF NEBRASKA, A NEBRASKA POLITICAL SUBDIVISION,
APPELLEE.

558 N.W.2d 600

Filed January 21, 1997.    No. A-95-931.

Michael B. Kratville, of Terry & Kratville Law Offices, and Bruce Brodkey, of Brodkey & Cuddigan, for appellant.

Don Stenberg, Attorney General, and Royce N. Harper for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Delante Pittman, by and through his next friend and legal guardian, Vanessa Finney, appeals from a district court order granting the State of Nebraska's motion for summary judgment. Because we find that Pittman's negligence action against the State is not authorized by the State Tort Claims Act, we affirm.

## II. BACKGROUND

Pittman was injured on January 14, 1993, while in the care of the Kiddie Care Daycare Center (KCDC). KCDC was licensed as a day-care center by the State through the Nebraska Department of Social Services (DSS) on July 2, 1991.

On or about December 4, 1991, a staff member of KCDC was arrested for involvement with cocaine. When the director of

KCDC learned of the staff member's arrest, the staff member's employment was terminated. The State investigated the matter and found KCDC to be in compliance with DSS regulations on or about January 4, 1992.

Pittman brought suit against the State, alleging that the State was obligated to revoke KCDC's license to operate as a day-care center because of the drug-related arrest of a staff member. Pittman's petition was filed on June 3, 1994. It appears that Pittman based his claim on a DSS regulation which provides that no license shall remain in effect if there is an admission of, or substantial evidence of, crimes involving the illegal use of a controlled substance by a care provider.

On May 26, 1995, Pittman filed a motion for partial summary judgment, seeking judgment on the issue of liability. On July 25, the State filed a motion for summary judgment. The motions were heard on August 3. On August 3, the district court entered an order overruling Pittman's motion and granting the State's motion for summary judgment. This appeal timely followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Pittman assigns two errors: First, Pittman asserts that the district court erred in overruling his motion for partial summary judgment. Second, Pittman asserts that the district court erred in granting the State's motion for summary judgment.

## IV. ANALYSIS

On appeal, the parties present argument concerning the basic elements of negligence, namely, whether the State owed Pittman a duty, whether the State breached any such duty, and whether the State's alleged breach proximately resulted in injury to Pittman. We need not address the merits of such arguments, however, because we conclude that this suit is not authorized by the State Tort Claims Act. See Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1994).

Section 81-8,209 provides that "[t]he State of Nebraska shall not be liable for the torts of its officers, agents, or employees, and no suit shall be maintained against the state . . . on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act." Section 81-8,219(8) provides that

the State Tort Claims Act shall not apply to "[a]ny claim based upon the issuance, denial, suspension, or revocation of or failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, or order." Subsection (8) was added to § 81-8,219 by 1992 Neb. Laws, L.B. 262, § 11, passed by the Nebraska Legislature during February 1992.

In the present case, Pittman's cause of action for negligence is based entirely upon the State's failure to revoke KCDC's daycare license. Because the State Tort Claims Act specifically does not authorize such an action, the State was entitled to judgment as a matter of law and the district court did not err in granting the State's motion for summary judgment.

AFFIRMED.